## IN THE CIRCUIT COURT OF LINCOLN COUNTY, MISSISSIPPI

**AMBER ARD**
**AND JOHN DOES 1-10**                                      **PLAINTIFFS**


**VS.**                          **CIVIL CAUSE NO. 2011-573-LS**


**STEVE RUSHING, INDIVIDUALLY**
**AND IN HIS OFFICIAL CAPACITY AS**
**SHERIFF OF LINCOLN COUNTY, MISSISSIPPI;**
**TIM MILLER, INDIVIDUALLY**
**AND IN HIS OFFICIAL CAPACITY AS**
**JAILOR/DEPUTY OF LINCOLN COUNTY, MISSISSIPPI;**
**AND , JOHN DOES 1 THROUGH 10**                **DEFENDANTS**


### CLERK'S CERTIFICATE

I, Terry Lynn Watkins, Clerk of the Circuit Court and Custodian of Records, do

hereby certify that the following attached _22_ pages are true and correct copies of all the

original papers filed in the above styled and numbered cause.

In WITNESS WHEREOF, I have hereunto set my hand and seal of said Court of

Lincoln County, State of Mississippi, this **3rd** day of January, 2012.


TERRY LYNN WATKINS, CIRCUIT CLERK

By:_____ D.C.



# FEE BILL, CIVIL CASES, CIRCUIT COURT

**STATE OF MISSISSIPPI**
**LINCOLN COUNTY**
CASE NO. 2011-573

Amber Ard

**VS.**

Steve Rushing, et al

38012

Prescribed by the Miss State Dept. of Audit 10/1/85

| | | |
|---|---|---|
| Jury Tax | $ | 3.00 |
| Court Reporter's Fee | | 10.00 |
| Law Library | | 2.50 |
| State Court Education Fund | | 2.50 |
| Court Administrator | | 2.00 |
| Clerk's Fee | | ~~75.00~~ 85.00 |
| **Sub-Total** | | ~~95.00~~ 10.00 |
| Sheriff's Fee | | |
| Fees of other Sheriff's | | |
| State Comm. or Officers | | |
| Other | | |
| Other | CECS | 10.00 |
| Other | CLA | 5.00 |
| Other | | |
| Other | | |
| Marriage License | | 21.00 |
| Amount Paid | | |
| Amount Due | | |

How Paid: ☐ Cash
☒ Check 37217
☐ Money Order

Payment received from Gilmer Law Firm
this the 28 day of NOV A.D. 20 11    Dollars $ 130.00

By _____ D.C. _____ Circuit Clerk

# COVER SHEET
## Civil Case Filing Form
*(To be completed by Attorney/Party Prior to Filing of Pleading)*

Mississippi Supreme Court    Form AOC/01
Administrative Office of Courts    (Rev 2009)

| Court Identification | Docket # | | Case Year | Docket Number |
|---|---|---|---|---|
| 4 3 | C I | | 2 0 1 1 | 5 7 3 |
| County # | Judicial District | Court ID (CH, CI, CO) | | L S |
| | | | | Local Docket ID |

| | Month | Date | Year | |
|---|---|---|---|---|
| 1 1 | 2 3 | 1 1 | | |

This area to be completed by clerk        Case Number if filed prior to 1/1/94

In the CIRCUIT        Court of    LINCOLN        County    —    Judicial District

### Origin of Suit (Place an "X" in one box only)
- [X] Initial Filing
- [ ] Reinstated
- [ ] Remanded
- [ ] Reopened
- [ ] Foreign Judgment Enrolled
- [ ] Joining Suit/Action
- [ ] Transfer from Other court
- [ ] Appeal
- [ ] Other

### Plaintiff - Party(ies) Initially Bringing Suit Should Be Entered First - Enter Additional Plaintiffs on Separate Form

Individual    Ard    Amber

| Last Name | First Name | Maiden Name, if applicable | M.I. | Jr/Sr/III/IV |

___ Check ( x ) if Individual Plaintiff is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:
Estate of ___

___ Check ( x ) if Individual Plaintiff is acting in capacity as Business Owner/Operator (d/b/a) or State Agency, and enter entity
D/B/A or Agency ___

Business ___
Enter legal name of business, corporation, partnership, agency - If Corporation, indicate the state where incorporated
___ Check ( x ) if Business Plaintiff is filing suit in the name of an entity other than the above, and enter below:
D/B/A ___

Address of Plaintiff    1078 South First Street  Brookhaven, MS 39601

Attorney (Name & Address)    Seth C. Little P.O. Box 919 Madison, Mississippi        MS Bar No. 102890
___ Check ( x ) if Individual Filing Initial Pleading is NOT an attorney
Signature of Individual Filing: ___

### Defendant - Name of Defendant - Enter Additional Defendants on Separate Form

Individual    Rushing    Steve

| Last Name | First Name | Maiden Name, if applicable | M.I. | Jr/Sr/III/IV |

___ Check ( x ) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:
Estate of ___

_X_ Check ( x ) if Individual Defendant is acting in capacity as Business Owner/Operator (d/b/a) or State Agency, and enter entity:
D/B/A or Agency    Lincoln County, Mississippi

Business ___
Enter legal name of business, corporation, partnership, agency - If Corporation, indicate the state where incorporated
___ Check ( x ) if Business Defendant is acting in the name of an entity other than the above, and enter below:
D/B/A ___

Attorney (Name & Address) - If Known        MS Bar No. ___

FILED NOV 23 2011 TERRY LYNN WATKINS Circuit Clerk By D.C.

### Damages Sought:    Compensatory $ 5,000,000.00    Punitive $ 5,000,000.00    ___ Check ( x ) if child support is contemplated as an issue in this suit.*
*If checked, please submit completed Child Support Information Sheet with this Cover Sheet

### Nature of Suit (Place an "X" in one box only)

**Domestic Relations**
- [ ] Child Custody/Visitation
- [ ] Child Support
- [ ] Contempt
- [ ] Divorce:Fault
- [ ] Divorce: Irreconcilable Diff.
- [ ] Domestic Abuse
- [ ] Emancipation
- [ ] Modification
- [ ] Paternity
- [ ] Property Division
- [ ] Separate Maintenance
- [ ] Termination of Parental Rights
- [ ] UIFSA (eff 7/1/97; formerly URESA)
- [ ] Other ___

**Appeals**
- [ ] Administrative Agency
- [ ] County Court
- [ ] Hardship Petition (Driver License)
- [ ] Justice Court
- [ ] MS Dept Employment Security
- [ ] Worker's Compensation
- [ ] Other ___

**Business/Commercial**
- [ ] Accounting (Business)
- [ ] Business Dissolution
- [ ] Debt Collection
- [ ] Employment
- [ ] Foreign Judgment
- [ ] Garnishment
- [ ] Replevin
- [ ] Other ___

**Probate**
- [ ] Accounting (Probate)
- [ ] Birth Certificate Correction
- [ ] Commitment
- [ ] Conservatorship
- [ ] Guardianship
- [ ] Heirship
- [ ] Intestate Estate
- [ ] Minor's Settlement
- [ ] Muniment of Title
- [ ] Name Change
- [ ] Testate Estate
- [ ] Will Contest
- [ ] Other ___

**Children/Minors - Non-Domestic**
- [ ] Adoption - Contested
- [ ] Adoption - Uncontested
- [ ] Consent to Abortion Minor
- [ ] Removal of Minority
- [ ] Other ___

**Civil Rights**
- [ ] Elections
- [ ] Expungement
- [ ] Habeas Corpus
- [ ] Post Conviction Relief/Prisoner
- [ ] Other ___

**Contract**
- [ ] Breach of Contract
- [ ] Installment Contract
- [ ] Insurance
- [ ] Specific Performance
- [ ] Other ___

**Statutes/Rules**
- [ ] Bond Validation
- [ ] Civil Forfeiture
- [ ] Declaratory Judgment
- [ ] Injunction or Restraining Order
- [ ] Other ___

**Real Property**
- [ ] Adverse Possession
- [ ] Ejectment
- [ ] Eminent Domain
- [ ] Eviction
- [ ] Judicial Foreclosure
- [ ] Lien Assertion
- [ ] Partition
- [ ] Tax Sale: Confirm/Cancel
- [ ] Title Boundary or Easement
- [ ] Other ___

**Torts**
- [ ] Bad Faith
- [ ] Fraud
- [ ] Loss of Consortium
- [ ] Malpractice - Legal
- [ ] Malpractice - Medical
- [ ] Mass Tort
- [X] Negligence - General
- [ ] Negligence - Motor Vehicle
- [ ] Product Liability
- [ ] Subrogation
- [ ] Wrongful Death
- [ ] Other ___

IN THE <u>CIRCUIT</u>          COURT OF <u>LINCOLN</u>          COUNTY, MISSISSIPPI

_____ JUDICIAL DISTRICT, CITY OF _____

Docket No._____ - _____ _____     Docket No. If Filed
         File Yr       Chronological No.    Clerk's Local ID     Prior to 1/1/94_____

### DEFENDANTS IN REFERENCED CAUSE - Page 1 of ___ Defendants Pages
### IN ADDITION TO DEFENDANT SHOWN ON CIVIL CASE FILING FORM COVER SHEET

**Defendant #2:**

**Individual:** <u>Miller</u> _____ <u>Tim</u> _____ ( _____ ) _____ _____
               Last Name          First Name         Maiden Name, If Applicable    Middle Init.   Jr/Sr/III/IV

___Check (✓) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

    Estate of _____

✓ Check (✓) if Individual Defendant is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

    D/B/A _____

**Business** <u>Lincoln County, Mississippi</u> _____
         Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated

___Check (✓) if Business Defendant is being sued in the name of an entity other than the name above, and enter below:

    D/B/A _____

**ATTORNEY FOR THIS DEFENDANT:** _____ Bar # or Name: _____     *Pro Hac Vice* (✓)___ Not an Attorney(✓)___

**Defendant #3:**

**Individual:** _____ _____ ( _____ ) _____ _____
               Last Name          First Name         Maiden Name, If Applicable    Middle Init.   Jr/Sr/III/IV

___Check (✓) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

    Estate of _____

___Check (✓) if Individual Defendant is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

    D/B/A _____

**Business** <u>Lincoln County, Mississippi</u> _____
         Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated

___Check (✓) if Business Defendant is being sued in the name of an entity other than the name above, and enter below:

    D/B/A _____

**ATTORNEY FOR THIS DEFENDANT:** _____ Bar # or Name: _____     *Pro Hac Vice* (✓)___ Not an Attorney(✓)___

**Defendant #4:**

**Individual:** _____ _____ ( _____ ) _____ _____
               Last Name          First Name         Maiden Name, If Applicable    Middle Init.   Jr/Sr/III/IV

___Check (✓) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

    Estate of _____

___Check (✓) if Individual Defendant is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

    D/B/A _____

**Business** _____
         Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated

___Check (✓) if Business Defendant is being sued in the name of an entity other than the above, and enter below:

    D/B/A _____

**ATTORNEY FOR THIS DEFENDANT:** _____ Bar # or Name: _____     *Pro Hac Vice* (✓)___ Not an Attorney(✓)___

# GILMER LAW FIRM
A PROFESSIONAL ASSOCIATION

MAILING ADDRESS:
POST OFFICE BOX 919
MADISON, MISSISSIPPI 39130-0919

DELIVERY ADDRESS:
350 ARBOR DRIVE, SUITE F
RIDGELAND, MISSISSIPPI 39157
(601) 957-7970

FACSIMILE: (601) 957-1612
TOLL FREE: 1-888-888-7706

REPLY TO: __SETH C. LITTLE__



November 21, 2011

Ms. Terry Watkins, Circuit Clerk
Lincoln County, Mississippi
Post Office Box 357
Brookhaven, Mississippi 39602

Re:  Amber Ard v. Steve Rushing, Individual and in
     His Capacity as Sheriff of Lincoln County,
     Mississippi; Tim Miller, Individually and in
     His Capacity as Jailer/Deputy of Lincoln
     County,   Mississippi;   Lincoln   County,
     Mississippi; John Does 1-10; In the Circuit
     Court of Lincoln County, Mississippi

Dear Ms. Watkins:

Please find attached the Complaint and Civil Cover Sheet in the
above entitled matter, along with the civil filing fee of $120.
Also enclosed are Summons for the named Defendants.  Please file
said Complaint and issue said Summons and enclose a stamp filed
copy of the Complaint and Summons in the enclosed postage pre-paid
envelope.

Thank you for your prompt attention in this matter.

With kindest regards, I am

Very truly yours,

SETH C. LITTLE

573L$

IN THE CIRCUIT COURT OF LINCOLN COUNTY, MISSISSIPPI

AMBER ARD
AND JOHN DOES 1 - 10                                    PLAINTIFFS

VS.                            CIVIL ACTION NO. 573∂8

STEVE RUSHING, INDIVIDUALLY
AND IN HIS OFFICIAL CAPACITY AS
SHERIFF OF LINCOLN COUNTY, MISSISSIPPI;       FILED
TIM MILLER, INDIVIDUALLY
AND IN HIS OFFICIAL CAPACITY AS               NOV 23 2011
JAILOR/DEPUTY OF LINCOLN COUNTY, MISSISSIPPI;
LINCOLN COUNTY, MISSISSIPPI;              By_____ D.C.
AND, JOHN DOES 1 THROUGH 10                       DEFENDANTS

## COMPLAINT

COMES NOW the Plaintiff, Amber Ard, and files this civil action against the Defendants, Steve Rushing, Individually and in His Official Capacity as Sheriff of Lincoln County, Mississippi; Steve Rushing, Individually and in His Official Capacity as Jailor/Deputy of Lincoln County, Mississippi Lincoln County, Mississippi; And, John Does 1 Through 10, and in support thereof would most respectfully show unto the Court the following, to-wit:

## PARTIES

1.    Amber Ard is a bona fide adult resident of the State of Mississippi. At the time of said injury, Amber Ard's permanent residential address was 1078 South First Street Brookhaven, Mississippi 39601.

2.    Defendant, Steve Rushing, is the Sheriff of Lincoln County, Mississippi, and is a bona fide adult resident citizen of Lincoln County, Mississippi.  Defendant Steve Rushing was at all times material acting both individually and as the Sheriff of Lincoln County, Mississippi.  As chief law enforcement officer for Lincoln County, Mississippi, Defendant Rushing's actions constitute, in part, both the policy and officially condoned action of Lincoln County, Mississippi, thus rendering Lincoln County, Mississippi, liable to the Plaintiff in this lawsuit as a political entity.

3.    Defendant, Tim Miller, is a Deputy Sheriff/Jailor of Lincoln County, Mississippi, and is a bona fide adult resident citizen of Lincoln County, Mississippi. Defendant Tim Miller was at all times material acting both individually and as a Deputy/Jailor of Lincoln County, Mississippi. As a law enforcement officer for Lincoln County, Mississippi, Defendant Miller's actions constitute, in part, both the policy and officially condoned action of Lincoln County, Mississippi, thus rendering Lincoln County, Mississippi, liable to the Plaintiff in this lawsuit as a political entity.

4.    Defendant, Lincoln County, Mississippi, is a body politic, operating and existing under the laws of the State of Mississippi. At all times material hereto, Defendant Rushing has been and was acting under color of law, custom and usage of the political entity of Lincoln County, Mississippi.

5.    Defendants, John Does 1 through 10, are individuals, firms, corporations, corporate successors, governmental entities or other entities or individuals whose wrongful conduct caused or contributed to the injuries and damages of the Plaintiffs. The specific identities of John Does 1-10 are unknown to the Plaintiffs at this time, but will be identified, upon discovery of the true identity of each defendant.

## JURISDICTION AND VENUE

6.    Plaintiff would show that this Court is vested with both subject matter and in personam jurisdiction and venue is proper in this Court.

## BACKGROUND FACTS

7.    On or about June 9, 2010, Plaintiff Amber Ard ("Plaintiff") was arrested by officers of the Lincoln County Sheriff's Department and transported to the Lincoln County Detention Center. Upon her arrest, Plaintiff was booked and placed

-2-

in a jail cell on an upper floor of the detention center, an area specifically designated for female inmates and where only female guards were allowed. In the early morning hours of June 11, 2010 Plaintiff was awakened by Jailor Tim Miller who offered her cigarettes and began making sexual remarks and sexual advances towards her. Plaintiff refused to accept cigarettes from Jailor Miller and demanded that Jailor Miller leave Plaintiff's jail cell. During this incident Jailor Miller appeared calm and rational. At the time of this incident there were no other inmates being housed on an upper floor of the jail.

On June 12, 2010, Plaintiff was again awakened by Jailor Miller whose demeanor was completely different than the morning of June 11, 2010. Jailor Miller appeared agitated, violent and forceful. Jailor Miller then physically forced Plaintiff into a small room with a padded mat on the floor. Plaintiff both physically and verbally resisted as Jailor Miller secretively, violently, and forcefully restrained and relocated Plaintiff. Jailor Miller then sexually assaulted and battered Plaintiff. More Specifically, Jailor Miller forcefully and violenty penetrated Plaintiff against her will. Jailor Miller removed Plaintiff's shirt and underwear from the floor after he had penetrated Plaintiff long enough to ejaculate inside her. Plaintiff then noticed several drops of Jailor Miller's semen on the floor and Plaintiff collected the semen using a tissue and her boxer shorts. The remainder of June 12, 2010 Plaintiff was under constant watch by other male guards, all of whom she felt threatened by, and therefore did not disclose Jailor Miller's sexual assault and battery upon the Plaintiff. On June 13, 2010 Deputy Tosha Williams began her shift at the jail and Plaintiff immediately reported the assault and battery committed by Jailor Miller. Plaintiff was then transported to Kings Daughter's Hospital where a sexual assault examination was performed. The Kings Daughter's medical records reflect that a

-3-

sexual assault had occurred.

Jailor Miller was arrested for the sexual assault and battery of Amber Ard. Jailor Miller initially pled not guilty to the sexual assault and battery of Plaintiff. Jailor Miller later pled guilty to the sexual penetration of an incarcerated offender and Jailor Miller's employment with the Lincoln County Sheriff's Department was terminated. On or about August 2, 2010 Jailor Miller was indicted by the Grand Jury and charged with sexual penetration of an incarcerated offender. On or about November 29, 2010 Tim Miller was sentenced to five years suspended for five years probation and was ordered to pay a $5,000.00 fine together with court costs and $300.00 to the State Crime Lab.

8.    At all times pertinent herein, all Defendants were acting under color of the laws and regulations of the State of Mississippi, Lincoln County, Mississippi and the Lincoln County, Mississippi Sheriff's Department.   The Lincoln County Sheriff's Department had a policy or custom in place that enabled its agents and employees to act with deliberate, reckless and callous indifference to the constitutional rights of individuals.

## COUNT ONE
### UNDUE BODILY RESTRAINT

9.    Plaintiff adopts and realleges the above and foregoing allegations set forth in paragraphs 1 through 8 of this Complaint and incorporates the same by reference as if fully set forth herein.

10.   Defendants, acting under color of law of the State of Mississippi and under the authority of Lincoln County, Mississippi, unnecessarily restrained the Plaintiff in a manner inconsistent with common correctional practices and procedures. In doing so, Plaintiff was deprived of her right of freedom from undue bodily restraint in violation of the Fourth and Fourteenth Amendments of the Constitution of the United States. All reasonable officials in

-4-

capacities similar to the Defendants would have known that the conduct of the Defendants described above violated the Plaintiff's constitutional rights. Defendants, including Sheriff Steve Rushing, knew that male officers including Tim Miller often had unsupervised and unfettered access to female inmates. Despite this knowledge of the potential serious risks of harm to the Plaintiff in allowing unfettered and unsupervised access to the Plaintiff by male officers, Defendants showed deliberate indifference to those serious risks by allowing Tim Miller to have unsupervised and unfettered access to the Plaintiff and other female inmates, and failing to implement adequate policies and procedures preventing such unfettered access, which resulted in the actions and injuries described above, an obvious and likely consequence of the Defendants' failure to implement adequate policies and procedures.

11. As a direct and proximate result of the affirmative action of the Defendants, the Plaintiff has sustained damages and injuries as described hereinafter. As a direct and proximate result of the affirmative action of the Defendants, the Plaintiff has sustained damages and injuries as described hereinafter. The aforesaid actions of the Defendants warrant the imposition of punitive damages and reasonable attorneys' fees because of the egregious and heinous nature of their acts and the vulnerability of the Plaintiff as an inmate of the State of Mississippi who was abused by law enforcement officers.

## COUNT TWO
## SAFE AND RESONABLE CONFINEMENT CONDITIONS

12. Plaintiff adopts and realleges the above and foregoing allegations set forth in paragraphs 1 through 11 of this Complaint and incorporates the same by reference as if fully set forth herein.

13. The Defendants, acting under color of law of the State of Mississippi and under the authority of Lincoln County, Mississippi,

took custody of Plaintiff and then allowed Plaintiff to be violently and sexually battered during the time which the Defendants exercised custody over Plaintiff. As a result, Plaintiff was deprived by the Defendants of her right to safe and reasonable confinement conditions in violation of the Fourth and Fourteenth Amendments of the Constitution of the United States. All reasonable officials in capacities similar to the Defendants would have known that the conduct of the Defendants described above violated the Plaintiff's constitutional rights. Defendants, including Sheriff Steve Rushing, knew that male officers including Tim Miller often had unsupervised and unfettered access to female inmates. Despite this knowledge of the potential serious risks of harm to the Plaintiff in allowing unfettered and unsupervised access to the Plaintiff by male officers, Defendants showed deliberate indifference to those serious risks by allowing Tim Miller to have unsupervised and unfettered access to the Plaintiff and other female inmates, and failing to implement adequate policies and procedures preventing such unfettered access, which resulted in the actions and injuries described above, an obvious and likely consequence of the Defendants' failure to implement adequate policies and procedures.

14. As a direct and proximate result of the affirmative action of the Defendants, the Plaintiff has sustained damages and injuries as described hereinafter. As a direct and proximate result of the affirmative action of the Defendants, the Plaintiff has sustained damages and injuries as described hereinafter. The aforesaid actions of the Defendants warrant the imposition of punitive damages and reasonable attorneys' fees because of the egregious and heinous nature of their acts and the vulnerability of the Plaintiff as an inmate of the State of Mississippi who was abused by law enforcement officers.

## COUNT THREE

## FALSE IMPRISONMENT IN VIOLATION OF THE UNITED STATES CONSTITUTION

15.   Plaintiff adopts and realleges the above and foregoing allegations set forth in paragraphs 1 through 14 of this Complaint and incorporates the same by reference as if fully set forth herein.

16.   The Defendants, acting under color of law of the State of Mississippi and under the authority of Lincoln County, Mississippi, restricted the freedom of Plaintiff and allowed Plaintiff to be contained in a room and restrained against Plaintiff's will without due process of law and deprived Plaintiff of Plaintiff's right to be free from false imprisonment and unlawful detention in violation of the Fourth and Fourteenth Amendments of the Constitution of the United States.   All reasonable officials in capacities similar to the Defendants would have known that the conduct of the Defendants described above violated the Plaintiff's constitutional rights. Defendants, including Sheriff Steve Rushing, knew that male officers including Tim Miller often had unsupervised and unfettered access to female inmates.   Despite this knowledge of the potential serious risks of harm to the Plaintiff in allowing unfettered and unsupervised access to the Plaintiff by male officers, Defendants showed deliberate indifference to those serious risks by allowing Tim Miller to have unsupervised and unfettered access to the Plaintiff and other female inmates, and failing to implement adequate policies and procedures preventing such unfettered access, which resulted in the actions and injuries described above, an obvious and likely consequence of the Defendants' failure to implement adequate policies and procedures.

17.   As a direct and proximate result of the affirmative action of the Defendants, the Plaintiff has sustained damages and injuries as described hereinafter.  As a direct and proximate result of the affirmative action of the Defendants, the Plaintiff has

sustained damages and injuries as described hereinafter. The aforesaid actions of the Defendants warrant the imposition of punitive damages and reasonable attorneys' fees because of the egregious and heinous nature of their acts and the vulnerability of the Plaintiff as an inmate of the State of Mississippi who was abused by law enforcement officers.

**COUNT FOUR**
**VIOLATION OF THE FIFTH AND FOURTEENTH AMENDMENTS OF**
**THE CONSTITUTION OF THE UNITED STATES**

18. Plaintiff adopts and realleges the above and foregoing allegations set forth in paragraphs 1 through 17 of this Complaint and incorporates the same by reference as if fully set forth herein.

19. As a direct and proximate result of the above-referenced acts committed by the Defendants against the Plaintiff while acting under color of law of the State of Mississippi and pursuant to their authority as officers of the Lincoln County, Mississippi Sheriff's department, Plaintiff was deprived of a liberty interest in violation of Plaintiff's due process rights under the Fifth and Fourteenth Amendments of the Constitution of the United States. All reasonable officials in capacities similar to the Defendants would have known that the conduct of the Defendants described above violated the Plaintiff's constitutional rights. Defendants, including Sheriff Steve Rushing, knew that male officers including Tim Miller often had unsupervised and unfettered access to female inmates. Despite this knowledge of the potential serious risks of harm to the Plaintiff in allowing unfettered and unsupervised access to the Plaintiff by male officers, Defendants showed deliberate indifference to those serious risks by allowing Tim Miller to have unsupervised and unfettered access to the Plaintiff and other female inmates, and failing to implement adequate policies and procedures preventing such unfettered access, which resulted in the actions and injuries described above, an obvious

-8-

and likely consequence of the Defendants' failure to implement adequate policies and procedures.

20. As a direct and proximate result of the affirmative action of the Defendants, the Plaintiff has sustained damages and injuries as described hereinafter. As a direct and proximate result of the affirmative action of the Defendants, the Plaintiff has sustained damages and injuries as described hereinafter. The aforesaid actions of the Defendants warrant the imposition of punitive damages and reasonable attorneys' fees because of the egregious and heinous nature of their acts and the vulnerability of the Plaintiff as an inmate of the State of Mississippi who was abused by law enforcement officers.

### COUNT FIVE

### CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS PURSUANT TO 42 U.S.C. § 1985(3) AND 42 U.S.C. § 1983

21. Plaintiff adopts and realleges the above and foregoing allegations set forth in paragraphs 1 through 20 of this Complaint and incorporates the same by reference as if fully set forth herein.

22. The acts described above of the Defendants against the Plaintiff constitute a civil conspiracy to deprive the Plaintiff of the rights and privileges of a citizen of the United States guaranteed under the Constitution of the United States, in accordance with 42 U.S.C. § 1985(3) and 42 U.S.C. § 1983. All reasonable officials in capacities similar to the Defendants would have known that the conduct of the Defendants described above violated the Plaintiff's constitutional rights. Defendants, including Sheriff Steve Rushing, knew that male officers including Tim Miller often had unsupervised and unfettered access to female inmates. Despite this knowledge of the potential serious risks of harm to the Plaintiff in allowing unfettered and unsupervised access to the Plaintiff by male officers, Defendants showed deliberate indifference to those serious risks by allowing Tim

-9-

Miller to have unsupervised and unfettered access to the Plaintiff and other female inmates, and failing to implement adequate policies and procedures preventing such unfettered access, which resulted in the actions and injuries described above, an obvious and likely consequence of the Defendants' failure to implement adequate policies and procedures.

23.  As a direct and proximate result of the affirmative action of the Defendants, the Plaintiff has sustained damages and injuries as described hereinafter. The aforesaid actions of the Defendants warrant the imposition of punitive damages and reasonable attorneys' fees because of the egregious and heinous nature of their acts and the vulnerability of the Plaintiff as an inmate of the State of Mississippi who was abused by law enforcement officers.

## COUNT SIX
## NEGLIGENCE

24.  Plaintiff adopts and realleges the above and foregoing allegations set forth in paragraphs 1 through 23 of this Complaint and incorporates the same by reference as if fully set forth herein.

25.  There exists no justification in law for the Defendants' actions described above in allowing Plaintiff's freedom to be restricted and allowing Plaintiff to be violently and deliberately sexually abused by a supervising officer of the opposite sex. Defendants deviated from the prevailing standards controlling the activities of law enforcement officers which require that said officers are charged with the care, custody, control and treatment of all inmates. This deliberate indifference to Plaintiff's well-being and safety was undertaken with unnecessary, willful and wanton disregard for the Plaintiff's health, safety, and well-being.

26.  Defendants, including Sheriff Steve Rushing, were well aware of the risks of injury or harm involved in allowing a male

-10-

officer unsupervised contact with a female inmate such as the Plaintiff. Defendants had a duty to protect the Plaintiff from such a risk of serious harm and to implement policies and procedures in accordance with such duty. Defendants breached this duty by failing to prevent the Plaintiff from being alone with a male officer unsupervised, and not implementing proper procedures or safeguards insuring that such unsupervised contact did not occur. Defendants' lack of preventative action allowed Tim Miller to have unfettered and unsupervised access to the Plaintiff, which resulted in the unlawful and heinous actions described above. Defendants, including Sheriff Steve Rushing, knew that male officers including Tim Miller often had unsupervised and unfettered access to female inmates. Despite this knowledge of the potential serious risks of harm to the Plaintiff in allowing unfettered and unsupervised access to the Plaintiff by male officers, Defendants showed deliberate indifference to those serious risks by allowing Tim Miller to have unsupervised and unfettered access to the Plaintiff and other female inmates, and failing to implement adequate policies and procedures preventing such unfettered access, which resulted in the actions and injuries described above, an obvious and likely consequence of the Defendants' negligent failure to implement adequate policies and procedures.

27. The Defendants committed multiple errors amounting to negligence such as would constitute unreasonable and unacceptable care, custody, control and treatment of the Plaintiff. Defendants were negligent in the following manner:

a. Defendants were negligent in failing to exercise the degree of skill and care, or failing to possess the knowledge or skill ordinarily exercised or possessed by law enforcement personnel in this geographical area;

b. Defendants were negligent in failing to properly implement procedures preventing unsupervised and unfettered access by male officers and employees to female inmates, and to allow male

officers and employees to transport female inmates from their cells to other parts of the Lincoln County Jail without procedural without first seeking authorization.

  c. Defendants were negligent in failing to properly supervise its employees and staff, namely Tim Miller, who was allowed to physically remove the Plaintiff from her cell, transport her to another room, and repeatedly sexually assault the Plaintiff.

  d. Defendants were negligent in hiring and retaining Tim Miller with knowledge that Miller repeatedly had inappropriate contact with female inmates.

  e. Defendants were negligent in failing to insure that only female employees of the Lincoln County Jail would have access to areas of the jail housing female inmates.

  28. As a direct and proximate result of the deliberate indifference of the Defendants as described above, Plaintiff has sustained damages and injuries as described hereinafter.

<u>**REQUEST FOR RELIEF**</u>

 WHEREFORE, PREMISES CONSIDERED, Plaintiff Amber Ard sues and demands judgement together with attorney fees and court costs aggregating the sum of FIVE MILLION DOLLARS ($5,000,000.00), together with pre-judgment and post judgment interest.

     Respectfully submitted,
     AMBER ARD


     BARRY W. GILMER, MSB# 4856
     SETH C. LITTLE, MSB# 102890
     ATTORNEYS FOR PLAINTIFFS


GILMER LAW FIRM
Post Office Box 919
Madison, Mississippi 39130
Telephone (601) 957-7970
Facsimile (601) 957-1612

-12-

## IN THE CIRCUIT COURT OF LINCOLN COUNTY, MISSISSIPPI

**AMBER ARD**
**AND JOHN DOES 1 - 10**                                                    **PLAINTIFFS**

**VS.**                                          CIVIL ACTION NO. 2011-573-LS

**STEVE RUSHING, INDIVIDUALLY**
**AND IN HIS OFFICIAL CAPACITY AS**
**SHERIFF OF LINCOLN COUNTY, MISSISSIPPI;**
**TIM MILLER, INDIVIDUALLY**
**AND IN HIS OFFICIAL CAPACITY AS**
**JAILOR/DEPUTY OF LINCOLN COUNTY, MISSISSIPPI;**
**LINCOLN COUNTY, MISSISSIPPI;**
**AND, JOHN DOES 1 THROUGH 10**                              **DEFENDANTS**

### S U M M O N S

STATE OF MISSISSIPPI

TO:  Tim Miller, Individually

### NOTICE TO DEFENDANT

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND
YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

You are required to mail or hand-deliver a copy of a written
response to the Complaint to the following, attorney for the
Plaintiffs:

> Honorable Barry W. Gilmer
> Post Office Box 919
> Madison, Mississippi  39130-0919
> (601)957-7970
> (fax)957-1612

Your response must be mailed or delivered within **thirty (30)**
**days** from the date of delivery of this Summons and Complaint or a
judgment by default will be entered against you for the money or
other things demanded in the Complaint.

IN THE CIRCUIT COURT OF LINCOLN COUNTY, MISSISSIPPI

AMBER ARD
AND JOHN DOES 1 - 10                                             PLAINTIFFS

VS.                                   CIVIL ACTION NO. 2011-573-LS

STEVE RUSHING, INDIVIDUALLY
AND IN HIS OFFICIAL CAPACITY AS
SHERIFF OF LINCOLN COUNTY, MISSISSIPPI;
TIM MILLER, INDIVIDUALLY
AND IN HIS OFFICIAL CAPACITY AS
JAILOR/DEPUTY OF LINCOLN COUNTY, MISSISSIPPI;
LINCOLN COUNTY, MISSISSIPPI;
AND, JOHN DOES 1 THROUGH 10                                      DEFENDANTS

## S U M M O N S

STATE OF MISSISSIPPI

TO:  Tim Miller, In His Official Capacity as
     Jailer/Deputy of Lincoln County, Mississippi

### NOTICE TO DEFENDANT

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND
YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

You are required to mail or hand-deliver a copy of a written response to the Complaint to the following attorney for the Plaintiffs:

     Honorable Barry W. Gilmer
     Post Office Box 919
     Madison, Mississippi  39130-0919
     (601)957-7970
     (fax)957-1612

Your response must be mailed or delivered within **thirty (30) days** from the date of delivery of this Summons and Complaint or a judgment by default will be entered against you for the money or other things demanded in the Complaint.

IN THE CIRCUIT COURT OF LINCOLN COUNTY, MISSISSIPPI

AMBER ARD
AND JOHN DOES 1 - 10                                    PLAINTIFFS

VS.                           CIVIL ACTION NO. 2011-573 ☆

STEVE RUSHING, INDIVIDUALLY
AND IN HIS OFFICIAL CAPACITY AS
SHERIFF OF LINCOLN COUNTY, MISSISSIPPI;
TIM MILLER, INDIVIDUALLY
AND IN HIS OFFICIAL CAPACITY AS
JAILOR/DEPUTY OF LINCOLN COUNTY, MISSISSIPPI;
LINCOLN COUNTY, MISSISSIPPI;
AND, JOHN DOES 1 THROUGH 10                             DEFENDANTS

### S U M M O N S

STATE OF MISSISSIPPI

TO:  Lincoln County, Mississippi
     By and Through Tillmon Bishop, Chancery Clerk
     Lincoln County, Mississippi

### NOTICE TO DEFENDANT

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND
YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

You are required to mail or hand-deliver a copy of a written
response to the Complaint to the following attorney for the
Plaintiffs:

     Honorable Barry W. Gilmer
     Post Office Box 919
     Madison, Mississippi  39130-0919
     (601)957-7970
     (fax)957-1612

Your response must be mailed or delivered within **thirty (30)**
**days** from the date of delivery of this Summons and Complaint or a
judgment by default will be entered against you for the money or
other things demanded in the Complaint.

IN THE CIRCUIT COURT OF LINCOLN COUNTY, MISSISSIPPI

AMBER ARD
AND JOHN DOES 1 - 10                                          PLAINTIFFS

VS.                                        CIVIL ACTION NO. 2011-573 LS

STEVE RUSHING, INDIVIDUALLY
AND IN HIS OFFICIAL CAPACITY AS
SHERIFF OF LINCOLN COUNTY, MISSISSIPPI;
TIM MILLER, INDIVIDUALLY
AND IN HIS OFFICIAL CAPACITY AS
JAILOR/DEPUTY OF LINCOLN COUNTY, MISSISSIPPI;
LINCOLN COUNTY, MISSISSIPPI;
AND, JOHN DOES 1 THROUGH 10                                   DEFENDANTS

### S U M M O N S

STATE OF MISSISSIPPI

TO:  Steve Rushing, Individually

#### NOTICE TO DEFENDANT

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND
YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

You are required to mail or hand-deliver a copy of a written
response to the Complaint to the following attorney for the
Plaintiffs:

        Honorable Barry W. Gilmer
        Post Office Box 919
        Madison, Mississippi  39130-0919
        (601)957-7970
        (fax)957-1612

Your response must be mailed or delivered within **thirty (30)**
**days** from the date of delivery of this Summons and Complaint or a
judgment by default will be entered against you for the money or
other things demanded in the Complaint.

## IN THE CIRCUIT COURT OF LINCOLN COUNTY, MISSISSIPPI

AMBER ARD
AND JOHN DOES 1 - 10                                    **PLAINTIFFS**

VS.                          CIVIL ACTION NO. 2011-573-LS

STEVE RUSHING, INDIVIDUALLY
AND IN HIS OFFICIAL CAPACITY AS
SHERIFF OF LINCOLN COUNTY, MISSISSIPPI;
TIM MILLER, INDIVIDUALLY
AND IN HIS OFFICIAL CAPACITY AS
JAILOR/DEPUTY OF LINCOLN COUNTY, MISSISSIPPI;
LINCOLN COUNTY, MISSISSIPPI;
AND, JOHN DOES 1 THROUGH 10                             **DEFENDANTS**

### S U M M O N S

STATE OF MISSISSIPPI

TO:  Steve Rushing, In His Official Capacity as
     Sheriff of Lincoln County, Mississippi

### NOTICE TO DEFENDANT

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND
YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

You are required to mail or hand-deliver a copy of a written
response to the Complaint to the following attorney for the
Plaintiffs:

     Honorable Barry W. Gilmer
     Post Office Box 919
     Madison, Mississippi  39130-0919
     (601) 957-7970
     (fax) 957-1612

Your response must be mailed or delivered within **thirty (30)**
**days** from the date of delivery of this Summons and Complaint or a
judgment by default will be entered against you for the money or
other things demanded in the Complaint.

You must also file the original of your response with the Clerk of this Court within a reasonable time afterward.

ISSUED under my hand and seal of said Court, this the 28th day of November, 2011.

TERRY WATKINS, CIRCUIT CLERK
LINCOLN COUNTY, MISSISSIPPI
POST OFFICE BOX 357
BROOKHAVEN, MISSISSIPPI  39602

BY: _____
        D E P U T Y   C L E R K

2