IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**AMBER ARD**                                                          **PLAINTIFF**
**AND JOHN DOES 1 – 10**

**V.**                                       **CIVIL ACTION NO: 3:12cv2-TSL-MTP**

**STEVE RUSHING, INDIVIDUALLY**
**AND IN HIS OFFICIAL CAPACITY AS**
**SHERIFF OF LINCOLN COUNTY, MISSISSIPPI;**
**TIM MILLER, INDIVDIUALLY AND IN HIS**
**OFFICIAL CAPACITY AS JAILOR/DEPUTY OF**
**LINCOLN COUNTY, MISSISSIPPI; LINCOLN**
**COUNTY, MISSISSIPPI; AND JOHN DOES 1**
**THROUGH 10**                                                **DEFENDANTS**

## LINCOLN COUNTY, MISSISSIPPI AND SHERIFF
## STEVE RUSHING'S ANSWER TO PLAINTIFF'S COMPLAINT

Come now Lincoln County, Mississippi, and Sheriff Steve Rushing, by and through counsel, and in response to Plaintiff's Complaint would show unto the Court as follows:

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which any relief may be granted and, therefore, pursuant to Fed. R. Civ. P. 12(b)(6), the same should be dismissed.

### SECOND DEFENSE

Plaintiff's Complaint fails to state facts against answering defendants which would rise to the level of a constitutional deprivation under the laws of the United States or the Constitution of the United States.

## THIRD DEFENSE

The individual defendants are entitled to qualified immunity in this matter. More specifically, answering defendants would affirmatively assert that Plaintiff's Complaint fails to allege a violation of a clearly established constitutional right and, at all times, their conduct was objectively reasonable.

## FOURTH DEFENSE

Answering defendants specifically assert and invoke all defenses available to them as set forth in Fed. R. Civ. P. 12(b)(1) through 12(b)(7) for which a good faith legal and/or factual basis exists or may exist.

## FIFTH DEFENSE

Answering defendants invoke all conditions, limitations, privileges and immunities of the Mississippi Tort Claims Act, Miss. Code Ann. § 11-46-1, *et seq.*

## SIXTH DEFENSE

Answering defendants deny that they have been guilty of any actionable conduct.

## SEVENTH DEFENSE
### ADMISSIONS AND DENIALS

And now, without waiving any defense heretofore or hereinafter set forth, answering defendants respond to the allegations of Plaintiff's Complaint, paragraph by paragraph, as follows:

## COMPLAINT

1.  Answering defendants, upon information and belief, admit the allegations of paragraph 1 of Plaintiff's Complaint.

2.  Answering defendants admit that Steve Rushing is the duly elected Sheriff of Lincoln County, Mississippi, and that he is an adult resident citizen of Lincoln County, Mississippi. Furthermore, answering defendants admit that Rushing was, at all times, acting in his capacity as the Sheriff of Lincoln County, Mississippi, and that as Sheriff, he is the chief law enforcement officer for the County. Answering defendants deny the remaining allegations of paragraph 2 of Plaintiff's Complaint.

3.  Answering defendants admit, upon information and belief, that Miller is a Lincoln County resident. Answering defendants deny the remaining allegations of paragraph 3 of Plaintiff's Complaint.

4.  Answering defendants admit that Lincoln County, Mississippi is a political subdivision of the State of Mississippi, as that term is defined by the Mississippi Tort Claims Act §11-46-91, *et seq*. Furthermore, answering defendants admit that at all times material hereto, Sheriff Rushing was acting under color of law and in his capacity as the duly elected Sheriff of Lincoln County, Mississippi. Answering defendants deny the remaining allegations of paragraph 4 of Plaintiff's Complaint.

5.  The allegations of paragraph 5 of Plaintiff's Complaint concern defendants other than answering defendants and, as such, a response is not necessary. To the extent

a response is deemed necessary, answering defendants deny the allegations of paragraph 5 of Plaintiff's Complaint.

## JURISDICTION AND VENUE

6. Answering defendants admit that this Court has jurisdiction over this matter to the extent permissible by law and that venue is proper in this Court. Answering defendants deny the remaining allegations of paragraph 6 of Plaintiff's Complaint.

## BACKGROUND FACTS

7. Answering defendants admit that on June 9, 2010, Plaintiff Amber Ard was arrested by the Mississippi Department of Corrections for a probation violation and subsequently transported to the Lincoln County Jail. Furthermore, answering defendants admit that upon being booked into the Lincoln County Jail, the Plaintiff was placed in G Block, a cell block specifically designated for females. Answering defendants admit that Miller was arrested for and pled guilty to sexual penetration of an incarcerated offender and that he was sentenced to five (5) years suspended with five (5) years of probation. Answering defendants further admit that Miller was terminated as a result of his conduct. Answering defendants lack information sufficient to make a determination to the remaining allegations of paragraph 7 of Plaintiff's Complaint and, as such, deny the same.

8. Answering defendants admit that, at all times pertinent to Plaintiff's Complaint, Sheriff Rushing was acting under color of law. Answering defendants deny the remaining allegations of paragraph 8 of Plaintiff's Complaint.

## COUNT ONE
## UNDUE BODILY RESTRAINT

9. Answering defendants repeat and incorporate by reference each and every defense, admission and denial to paragraphs 1 through 8 hereinabove as if the same were specifically set out herein.

10. Answering defendants admit that, at all times, Sheriff Rushing was acting under color of law. Answering defendants deny the remaining allegations of paragraph 10 of Plaintiff's Complaint.

11. Answering defendants deny the allegations of paragraph 11 of Plaintiff's Complaint.

## COUNT TWO
## SAFE AND REASONABLE CONFINEMENT CONDITIONS

12. Answering defendants repeat and incorporate by reference each and every defense, admission and denial to paragraphs 1 through 11 hereinabove as if the same were specifically set out herein.

13. Answering defendants admit that Sheriff Rushing was acting under color of law. Answering defendants deny the remaining allegations of paragraph 13 of Plaintiff's Complaint.

14. Answering defendants deny the allegations of paragraph 14 of Plaintiff's Complaint.

## COUNT THREE
## FALSE IMPRISONMENT IN VIOLATION OF THE UNITED STATES CONSTITUTION

15. Answering defendants repeat and incorporate by reference each and every defense, admission and denial to paragraphs 1 through 14 hereinabove as if the same were specifically set out herein.

16. Answering defendants deny the allegations of paragraph 16 of Plaintiff's Complaint.

17. Answering defendants deny the allegations of paragraph 17 of Plaintiff's Complaint.

## COUNT FOUR
## VIOLATION OF THE FIFTH AND FOURTEENTH AMENDMENTS OF
## THE CONSTITUTION OF THE UNITED STATES

18. Answering defendants repeat and incorporate by reference each and every defense, admission and denial to paragraphs 1 through 17 hereinabove as if the same were specifically set out herein.

19. Answering defendants admit that Sheriff Rushing was acting under color of law. Answering defendants deny the remaining allegations of paragraph 19 of Plaintiff's Complaint.

20. Answering defendants deny the allegations of paragraph 20 of Plaintiff's Complaint.

## COUNT FIVE
## CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS PURSUANT TO 42 U.S.C. § 1985(3) AND U.S.C. § 1983

21. Answering defendants repeat and incorporate by reference each and every defense, admission and denial to paragraphs 1 through 20 hereinabove as if the same were specifically set out herein.

22. Answering defendants deny the allegations of paragraph 22 of Plaintiff's Complaint.

23. Answering defendants deny the allegations of paragraph 23 of Plaintiff's Complaint.

## COUNT SIX
## NEGLIGENCE

24. Answering defendants repeat and incorporate by reference each and every defense, admission and denial to paragraphs 1 through 23 hereinabove as if the same were specifically set out herein.

25. Answering defendants deny the allegations of paragraph 25 of Plaintiff's Complaint.

26. Answering defendants deny the allegations of paragraph 26 of Plaintiff's Complaint.

27. Answering defendants deny the allegations of paragraph 27 of Plaintiff's Complaint, including subparagraphs A-E.

28. Answering defendants deny the allegations of paragraph 28 of Plaintiff's Complaint.

As for the last unnumbered paragraph which commences "WHEREFORE, PREMISES CONSIDERED…" answering defendants deny each and every allegation contained therein and would affirmatively aver that the Plaintiff is not entitled to any recovery whatsoever.

## EIGHTH DEFENSE

Answering defendants are protected by and invoke all the immunities granted by judicial, common law, and statutory sovereign immunity.

## NINTH DEFENSE

Answering defendants allege that they met or exceeded the requirements of law and due care and that they are guilty of no acts or omissions which either caused or contributed to the incident in question.

## TENTH DEFENSE

Answering defendants allege that Plaintiff's claims are barred by the applicable statute of limitations, *res judicata*, collateral estoppel, laches, waiver, contributory negligence, accord and satisfaction, lack of standing, release, and/or estoppel.

**ELEVENTH DEFENSE**

Answering defendants specifically invoke the provisions of Miss. Code Ann. § 11-7-15 and asserts all defenses, rights, privileges and immunities to which they are entitled to thereunder.

**TWELFTH DEFENSE**

Answering defendants allege that the incident in question resulted solely and proximately from the negligence of a person or persons for whom the defendants are not liable or responsible and invokes the provisions of Miss. Code Ann. § 85-5-

**THIRTEENTH DEFENSE**

Plaintiff is not entitled to recover any enhanced, punitive, or exemplary damages, as provided by Miss. Code Ann. § 11-46-15 insofar as any state court claims are concerned. Additionally, answering defendants would affirmatively state that the Plaintiff is not entitled to recover enhanced, punitive, or exemplary damages, the same being violative of the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the Constitution of the United States and Article III, Section 14 of the Constitution of the State of Mississippi, inclusive of, but not necessarily limited to, the following separate and several grounds:

(a) The procedures may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing.

(b) The procedures fail to provide means for awarding separate judgments against alleged joint tortfeasors.

(c) The procedures fail to provide a limit on the amount of the award against the defendants.

(d) The procedures fail to provide specific standards for the amount of the award of punitive damages.

(e) The procedures permit award of punitive damages upon satisfaction of a standard of proof less than that applicable to the imposition of criminal sanctions.

(f) The procedures permit multiple awards of punitive damages for the same alleged act.

(g) The procedures fail to provide a clear consistent appellant standard of review of an award for punitive damages.

(h) The procedures may permit the admission of evidence relative to punitive damages in the same proceedings during which liability and compensatory damages are determined.

(i) The standard of conduct upon which punitive damages are sought is vague.

## FOURTEENTH DEFENSE

Answering defendants assert and invoke 42 U.S.C. 1997e(a)-(h) to the extent applicable.

## FIFTHTEENTH DEFENSE

Answering defendants invoke *Heck v. Humphrey*, 512 U.S. 477 (1994) as a defense to the extent it is applicable to any of Plaintiff's claims.

## SIXTEENTH DEFENSE

Answering defendants reserve the right to add additional defenses as the same become known during the course of discovery of this cause.

And now, having answered the Complaint filed against them, answering defendants request that the same be dismissed and discharged with costs assessed against the Plaintiff.

> Respectfully submitted,
>
> **LINCOLN COUNTY, MISSISSIPPI AND SHERIFF STEVE RUSHING**
>
> BY: /s/William R. Allen
>        One of Their Attorneys

ROBERT O. ALLEN   (MSB #1525)
WILLIAM R. ALLEN (MSB #100541)
Allen, Allen, Breeland & Allen, PLLC
214 Justice Street
P. O. Box 751
Brookhaven, MS  39602-0751
Tel. (601) 833-4361
Fax (601) 833-6647
ballen@aabalegal.com
wallen@aabalegal.com

**CERTIFICATE**

I, the undersigned of Allen, Allen, Breeland & Allen, PLLC, hereby certify that on this day, I electronically filed the foregoing Lincoln County, Mississippi and Sheriff Steve Rushing's Answer to Plaintiff's Complaint with the Clerk of the Court using the ECF system which gave notice to of same to the following:

>Barry W. Gilmer, Esq.
>Gilmer Law Firm
>P.O. Box 919
>Madison, Mississippi 39130
>gilmerlaw@bellsouth.net

This the 12th day of January, 2012.

/s/William R. Allen
OF COUNSEL