```
                 UNITED STATES DISTRICT COURT
               SOUTHERN DISTRICT OF MISSISSIPPI
                       WESTERN DIVISION
```

AMBER ARD                                               PLAINTIFF

VS.                               CIVIL ACTION NO. 5:13CV249TSL-JMR

STEVE RUSHING, ET AL.                                  DEFENDANTS

### ORDER AND FINAL JUDGMENT

This court entered an opinion granting summary judgment to Lincoln County Sheriff Steve Rushing in his individual capacity on August 30, 2012.  On February 10, 2014, the court entered summary judgment for Rushing in his official capacity and Lincoln County. There remain pending in this cause plaintiff Amber Ard's claims against Tim Miller, in his individual capacity.  Presently before the court is a motion by Ard for entry of final judgment on the court's February 10, 2014 memorandum opinion and order granting the summary judgment motion of defendants Steve Rushing, in his official capacity, and Lincoln County, Mississippi.  Defendants Rushing and Lincoln County advise they have no objection to the motion.

In his motion, plaintiff criticizes the court's "fail[ure] to enter an appealable 'final judgment' as required by Rules 54(a) and 58(a) of the Federal Rules of Civil Procedure."  Rule 54(a) merely defines the term "judgment" as including "a decree and any order from which an appeal lies[,]" and Rule 58(a) provides only

that "[e]very judgment and amended judgment must be set out in a separate document[,]" with certain exceptions.  Neither of these rules addresses the situation presented here, i.e., where the court's order disposes of fewer than all claims or the claims against fewer than all parties.  Contrary to plaintiff's apparent assumption, such a ruling does not end the action as to any claims or parties and is not appropriate for entry of a final judgment – separate or not – *unless* the court makes an express finding that there is no just reason for delay in entry of a judgment; and the court is not required to make such a finding.  See Fed. R. Civ. Proc. 54(b).  The applicable rule, Rule 54(b) (which plaintiff's motion does not even reference), states:

> Judgment on Multiple Claims or Involving Multiple Parties.  When an action presents more than one claim for relief--whether as a claim, counterclaim, crossclaim, or third-party claim--or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

This rule gives the district court considerable discretion in deciding whether final judgment should be entered where the court's ruling adjudicates claims as to fewer than all parties. See Knatt v. Hospital Serv. Dist. No. 1 of East Baton Rouge

Parish, 327 Fed. App'x 472, 481 (5th Cir. May 12, 2009) (recognizing that "the court has great latitude on this issue"). While "[t]he rule was adopted to avoid the injustice to a party that would result from a delay in the appeal[,] ... it was not intended 'to overturn the settled rule against piecemeal appeals,' nor should it be used routinely." F.D.I.C. v. McFarland, No. 05-30377, 2008 WL 162882, at *2 (5th Cir. Jan. 16, 2008) (citing Page v. Gulf Oil Corp., 775 F.2d 1311, 1313 n.2 (5th Cir. 1985)). See also Brown v. Mississippi Valley State Univ., 311 F.3d 328, 332 (5th Cir. 2002) ("Although Rule 54(b) requests should not be granted routinely, '[i]t is left to the sound judicial discretion of the district court to determine the "appropriate time" when each final decision in a multiple claims action is ready for appeal.'") (quoting Curtiss-Wright Corp. v. General Elec. Co., 446 U.S. 1, 8, 100 S. Ct. 1460, 64 L. Ed. 2d 1 (1980)).

 While the court may enter a 54(b) judgment *sua sponte,* it is not required to do so.  Indeed, given that the purpose and effect of a Rule 54(b) certification and judgment is to make the court's ruling immediately appealable, and the recognition that this is something a party may or may not desire, it is typically the court's better course to await a request by a party for entry of judgment under Rule 54(b) rather than to proceed in the matter *sua sponte*.

3

Plaintiff Ard has indicated her desire for entry of a final judgment on her claims against Rushing and Lincoln County, and these defendants do not oppose her request.  The court agrees in plaintiff's assessment that there is no just reason for delay in the entry of a final judgment and therefore, a final judgment will be entered as to these claims.

It is therefore ORDERED AND ADJUDGED that in accordance with this court's memorandum opinion and order dated August 30, 2012 and its further memorandum opinion and order entered February 10, 2013, plaintiff's claims in this cause against defendant Rushing, in his individual and official capacities, and against Lincoln County, are dismissed with prejudice.

SO ORDERED AND ADJUDGED this 20th day of March, 2014.

/s/ Tom S. Lee
UNITED STATES DISTRICT JUDGE